UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10006-MC-MOORE/GARBER

HAROLD X and SALLY O'BOYLE,
husband and wife            )
                            )
                            )
        Petitioners,        )
                            )
   v.                       )
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

### RESPONSE TO PETITION TO QUASH

The Respondent, United States of America, through the undersigned Assistant United States Attorney, hereby responds to the petition to quash and seeks an order of enforcement of the third party summons. The Respondent states:

### STATEMENT OF FACTS

The Revenue Agent is conducting an investigation with respect to the federal income tax liability of Petitioners for the 2005 taxable year. (Ex. 1 Declaration, paragraph 2).

The Revenue Agent requested information from the Petitioners concerning their account at the First State Bank of the Florida Keys, but Petitioners refused to comply. The Revenue Agent needs to determine Petitioner's 2005 federal income tax liability, and has been unable to obtain the information directly from the Petitioners. As a result, the Revenue Officer sent by to First State Bank of the Florida Keys by certified mail a copy of the enclosed summons (Ex. 2). On

February 8, 2007, notice of the summons was mailed to Petitioners. (Ex. 1, paragraphs 4, 5, 8).

On February 16, 2007, the Petitioners filed a Petition to Quash the Service's third-party examination summons served upon First State Bank of the Florida Keys in the United States District Court for the Southern District of Florida.

The documents sought are not already in the possession of the Internal Revenue Service. All administrative steps required by the Internal Revenue Service for issuance of the summons has been taken. A Justice Department referral is not in effect with respect to Harold X. or Sally O'Boyle for the period under investigation (Ex. 1, paragraphs 6, 7, 9).

## DISCUSSION

Under I.R.C. § 7602(a) the Service may summons records and testimony for the purpose of ascertaining the accuracy of a tax return or for determining the liability of any person for any internal revenue tax. Specifically, the statute authorizes the Secretary or his delegate to do the following:

> 1. to examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> 2. to summon the person liable for tax or required to perform the act, or any other officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and

>    to produce such books, papers, records or other data,
>    and to give such testimony, under oath, as may be
>    relevant or material to such inquiry; and
>
>    3. to take such testimony of the person concerned,
>    under oath, as may be relevant or material to such
>    inquiry.

In order to obtain judicial enforcement of an administrative summons, the government must establish that:

>    1. the investigation is being conducted for a
>    legitimate purpose;
>
>    2. the information and records requested are relevant
>    to the investigation;
>
>    3. the information and records are not already in the
>    Service's possession;
>
>    4. and the Service has complied with all procedures set
>    forth in the Internal Revenue Code pertaining to the
>    use of summonses.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964).

The government bears the burden of satisfying all four prongs of the *Powell* test. Id. at 57. Unless the summoned party produces evidence to the contrary, the government can generally carry its burden on these issues by simply submitting an affidavit from the revenue agent who issued the summons attesting to the fact that the above requirements have been met. *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir. 1979). Once the government has made a preliminary showing, the burden then shifts to the summoned to demonstrate that the summons was issued in bad faith or for an improper motive and that judicial enforcement of the summons would constitute an

abuse of the court's process. *Powell*, 379 U.S. at 58; *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976).

Applying these standards to the present case, it is clear that the summons is valid. The summons was issued during the Service's examination of the Petitioners undertaken by the Internal Revenue Service in the normal course of its operations. The records and information sought are relevant to that examination as they would tend to indicate Petitioner's gross income for the year at issue.

The information sought in the summons is not already in the possession of the Service, since the summonsed information has not yet been provided by First State Bank of the Florida Keys or from any other source. Moreover, the Service has complied with the procedural requirements governing the summons as it served the summons to First State Bank of the Florida Keys and provided timely notice of such service to the Petitioner. I.R.C. §§ 7603 (a), 7609 (a) (1).

Plaintiff argues that the summons violates the Fourth Amendment of the United States Constitution.  Probable cause is not one of the elements necessary to enforce a summons. *Powell* does not require a showing of probable cause. *United States v. Powell*, 379 U.S. 48, 51 (1964); *United States v. White*, 853 F.2d 107, 109 (2d Cir. 1988) ("[W]e find the district court's summons enforcement requirement that the IRS must make a prima facie showing of 'fraud, overreaching, or

excessiveness by the attorney or the Surrogate' to be inconsistent with *Powell*'s holding that only a showing of a legitimate purpose, and not a showing of probable cause, is required for summons enforcement of its summonses and we therefore reverse."). A summons which complies with the *Powell* requirements and is narrowly drawn satisfies the Fourth Amendment. *Fisher v. United States*, 425 U.S. 391, 401 n.7 (1976). "A summons is not overbroad for the purpose of the Fourth Amendment ban on 'unreasonable searches and seizures' if the inquiry is 'within the authority of the agency, the demand is not too indefinite[,] and the information sought is reasonably relevant.'" *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983) (As long as the IRS complies with the *Powell* requirements, it will not violate the summoned party's fourth amendment rights); *United States v. Judicial Watch, Inc.*, 371 F.3d 824, 833 (D.C. Cir. 2004) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950) and *Oklahoma Press Publ'g Co. v. Walling*, 327 U.S. 186, 209 (1946)). *See also Cypress Funds, Inc. v. United States*, 234 F.3d 1267 (6th Cir. 2000); *United States v. Abrahams*, 905 F.2d 1276, 1282 (9th Cir. 1990); *United States v. Roundtree*, 420 F.2d 845, 849-50 (5th Cir. 1969).

Moreover, a taxpayer's Fourth Amendment rights are not implicated by a summons to a third party. *Donaldson v. United*

*States*, 400 U.S. 517 (1971); *United States v. Miller*, 425 U.S. 435, 440-44 (1976) ("Since no Fourth Amendment interests of the depositor are implicated here, this case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time of the subpoena is issued.").

Petitioners argue that Title 26 [the Internal Revenue Code] was not enacted into "positive law." One Court has already rejected arguments that the Internal Revenue Code is not positive law as "frivolous." See *United States v. Ratfield*, 2004 WL 3174420 (S.D. Fla. 2004). Similar conclusions have been reached in other circuits. See, *United States v. Hooper*, No. 93-35565, 1995 WL 792039, at *1 (9th Cir. Dec. 11, 1995) ("frivolous"); *United States v. Zuger*, 602 F. Supp. 889, 891-92 (D.C. Conn. 1984), aff'd, 755 F.2d 915 (2d Cir.) (table), cert. denied, 474 U.S. 805, 106 S.Ct. 38, 88 L.Ed.2d 32 (1985) ("specious"); accord, *Young v. Internal Revenue Service*, 596 F. Supp. 141, 149 (N.D. Ind. 1984) ("preposterous"); *Sloan v. United States*, 621 F. Supp. 1072, 1076 (N.D. Ind. 1985), aff'd in part and appeal dismissed, 812 F.2d 1410 (7th Cir. 987)(table) (litigants advancing "frivolous" arguments such as assertions that the Internal Revenue Code is not positive law subjected to sanctions under Rule 11, Fed. R. Civ. P.); *Hackett v. v. Commissioner of*

*Internal Revenue*, No. 85-1558, 1986 WL 16862, at *1 (6th Cir. April 21, 1986) (appeal of dismissal of petition challenging tax deficiency assessment describing "positive law" argument as "frivolous").

In addition, other courts have found that the Internal Revenue Code is positive law. *Tax Analyst v. I.R.S.*, 214 F.3d 179 (C.A.D.C. 2000); *Berkshire Hathaway, Inc. v. United States*, 8 Cl. Ct. 780 (1985); *United States v. McCarville*, 2003 WL 22327931 (E.D. Wis. 2003), 92 A.F.T.R.2d 2003-6226, 2003-2 U.S.T.C. ¶ 50,669; *Kostrikin v. United States*, 106 F. Supp. 2d. 1005 (E.D. Cal. 2000).

The burden is on the petitioner to establish a valid defense to a summons or otherwise the petition will be subject to dismissal for failure to state a claim. *Cosme v. IRS*. 708 F. Supp 45 (E.D. N.Y. 1989); *Junales v. United States*, 634 F. Supp. 585 (N. Ill. 1986). The Petitioners' allegations of are insufficient.

**Wherefore**, it is respectfully requested that the Petition to

quash be denied.

April 13, 2007  
Miami, Florida

Respectfully submitted,

R. ALEXANDER ACOSTA  
UNITED STATES ATTORNEY

S/Lawrence Rosen  
Lawrence Rosen  
Florida Bar No. 282911)  
Assistant United States Attorney  
E-Mail:larry.rosen@usdoj.gov  
99 N.E. 4th Street, 3rd Floor  
Miami, Florida 33132  
Tel: 305-961-9321  
Fax: 305-530-7139

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this response to petition to quash was federal expressed to Harold X. and Sally O'Boyle on April 13, 2007.

S/Lawrence Rosen  
LAWRENCE ROSEN  
Assistant U.S. Attorney

## SERVICE LIST

Harold X. and Sally O'Boyle  
1107 Key Plaza  
Suite 307  
Key West, Florida  
33040  
e-mail: hxoboyle@yahoo.com

Lawrence Rosen  
Assistant United States Attorney  
E-Mail: larry.rosen@usdoj.gov  
99 N.E. 4th Street, 3rd Floor  
Miami, Florida 33132  
Tel: (305)961-9321  
Fax: (305)530-7139

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

HAROLD X. AND SALLY O'BOYLE, )
                              )
            Petitioner,       )
                              )
      v.                      ) Civil Action No.
                              )        4:07-mc-10006-KMM
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

## DECLARATION

Margarita N. Palacio declares:

    1.   I am a duly commissioned Revenue Agent employed in the Office of the Area Director in Jacksonville, Florida, SBSE Compliance, Internal Revenue Service, with a post of duty in Miami, Florida. As a revenue agent, I am authorized to issue Internal Revenue summonses pursuant to the authority contained in 26 U.S.C. Section 7602, Treas. Reg. Section 301.7602, and the Internal Revenue Service Delegation Order No. 4 (as revised).

    2.   In my capacity as a Revenue Agent, I am conducting an investigation into the individual tax liability of Harold X. and Sally O' Boyle for the 2005 taxable year.

    3.   In furtherance of the above investigation and in accordance with section 7602 of Title 26, U.S.C., I issued on February 8, 2007, an Internal Revenue Service summons to First State Bank of the Florida Keys to give testimony and to produce for examination books, papers, records, or other data as

GOVERNMENT EXHIBIT
CASE NO.
EXHIBIT NO. 1

described in said summons. The summons is attached to the petition as Exhibit 2.

4. In accordance with section 7603 of Title 26, U.S.C., on February 8, 2007, I mailed an attested copy of the Internal Revenue Service summons described in paragraph 3 above to the respondent, First State Bank of the Florida Keys, by certified United States mail, as evidenced in the certificate of service on the reverse side of the summons.

5. In accordance with section 7609 of Title 26, U.S.C., on February 8, 2007, I mailed an attested copy of the Internal Revenue Service summons described in paragraph 3 above to Harold X. and Sally O' Boyle, by certified United States mail, as evidenced in the certificate of service on the reverse side of the summons.

6. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

7. All administrative steps required by the Internal Revenue Code for issuance of the summons have been taken.

8. It is necessary to obtain the testimony and to examine the books, papers, records or other data sought by the summons in order to properly investigate the individual tax liability of Harold X. and Sally O'Boyle for the 2005 taxable year.

9. A Justice Department referral, as defined by

§ 7602(d)(2) of the Internal Revenue Code, is not in effect with respect to Harold X. or Sally O'Boyle for the period under investigation.

I declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct.

Executed this __9th__ day of __March__, 2007.

*Margarita N. Palacio*
Margarita N. Palacio
Revenue Agent



# Summons

In the matter of  Harold and Sally O'Boyle

Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  South Atlantic Exam Area
Periods:  Tax Year Beginning January 1, 2005 through December 31, 2005

## The Commissioner of Internal Revenue

To:  First State Bank of the Florida Keys

At:  1201 Simonton St., Key West, Florida 33040

You are hereby summoned and required to appear before  Margarita N. Palacio, Internal Revenue Agent #65-05076 or her designee, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See "Attachment to Summons"

**Do not write in this space**

**GOVERNMENT EXHIBIT**

CASE NO.

EXHIBIT NO.  2

Business address and telephone number of IRS officer before whom you are to appear:
51 S.W. First Avenue, Stop 4426, Miami, FL. 33130 Phone 305-982-5130

Place and time for appearance at  51 S.W. First Avenue, Stop 4426, Miami, FL. 33130

**IRS**  on the  8th  day of  March  2007  at  9:00  o'clock  a. m.
Issued under authority of the Internal Revenue Code this  8th  day of  February  , 2007

Department of the Treasury
Internal Revenue Service

*Signature of issuing officer*  —  Internal Revenue Agent  (Title)

www.irs.gov

*Signature of approving officer (if applicable)*  —  Group Manager  (Title)

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Part C — to be given to noticee**

## ATTACHMENT TO SUMMONS

Issued to: First State Bank of the Florida Keys
In the matter of: Harold X and Sally O'Boyle.
Address: 1107 Key Plaza Suite 307, Key West, FL 33040
Periods: For tax year Beginning January 1, 2005 through December 31, 2005

All records pertaining to the following individuals and business entities whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest:

| | |
|---|---|
| **Sally O'Boyle** | **SS# 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** |
| **Sally S. O'Boyle** | **SS# 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** |
| **Sally O. O'Boyle** | **SS# 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** |
| **Harold O'Boyle** | **SS# 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** |
| **Harold X. O'Boyle** | **SS# 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** |

**Sally O'Boyle, P.A.   EIN # 03-0521803**
**Sally O'Boyle Realty**
**O'Boyle Real Estate, L.C.**
**RE/Max Island Realty**
**The O'Boyle Family Business Trust**
**BBSG Management, L.C.**
**BBSG Ventures**
**BBSG Business Trust**
**Quixotic Holdings**

Information requested includes all accounts in which these individuals had signatory authority and/or the right of withdrawal.

**These records should include but are not limited to:**

1. **SAVINGS ACCOUNT RECORDS** including signature cards, ledger cards or records showing dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued, and exempt status documentation.

2. **CHECKING ACCOUNT RECORDS** including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records of all debit and credit memos, Forms 1099 issued, and exempt status documentation.

3. **LOAN RECORDS** including applications, financial statements, loan collateral, credit, and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records showing the date, amount and method of repayment, checks used to repay loans and records showing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

4. **CREDIT CARD RECORDS** including the above named individual(s)' application, signature card, any credit or background investigations conducted, correspondence about the credit card accounts, monthly billing statements, individual charge invoices, repayment records showing the dates, amounts, and method (cash or check) of repayment, checks used to make repayments (front and back).

1