In the United States District Court
for the Southern District of Florida

Case No. 07-10006-MC-Moore/Garber

Harold X. and Sally O'Boyle )
Husband and Wife )
        Petitioners )
)
v. )
)
United States )
        Respondent )

**Reply to Response to Petition to Quash**

Petitioners hereby reply to Response to Petition to Quash filed for Respondent by Assistant United States Attorney, Lawrence Rosen. Petitioners seek an order to quash an improperly issued third-party summons.

**Discussion**

1. In its reply Respondent fails to address the only issue at bar — whether Petitioners are among those subject to the summons authority granted under the internal revenue laws of the United States.

2. Respondent opens with an irrelevant explanation how the IRS has carefully observed the requirements for issuing an administrative summons under Code section 7602(a) and the doctrines established in *UNITED STATES v. POWELL, 379 U.S. 48, 57-58 (1964)*.

Petitioners agree that if they were subject to the IRS's summonsing authority the Service would have met administrative criteria and the *POWELL* tests for issuing such a summons. The Service's having done so is irrelevant in this case. The only issue before this court is whether Petitioners are subject to the IRS's summons authority, not whether the IRS has properly followed procedure in issuing it.

3. Respondent falsely states that Petitioners argue the summons violates the Fourth Amendment of the United States Constitution. We make no such argument.

The statutes that grant the Secretary of the Treasury authority to issue administrative summonses, and the summonses themselves when issued under statutory limits, are in complete harmony with the U.S. Constitution.

It is the government's attempt to expand that summons authority beyond its statutory limits, not the nature, purpose or form of the summons, which violates Fourth Amendment restrictions. Any discussion of the propriety of the summons that does not address the statutory classes of persons subject to the summons is irrelevant to this case.

4. Respondent accuses Petitioners of "arguing" that Title 26 has not been enacted into positive law. Petitioners make no argument but simply state the fact. The Internal Revenue Code (IRC), Title 26, has not been enacted into positive law. Many government sources confirm the fact, including the U.S. Government Printing Office and the United States House of Representatives Office of the Law Revision Counsel.

Petitioners do not question the legitimacy or effect of the IRC because of its not having been so enacted, or question its legitimacy at all. We simply assert that where there is a question about what the law requires or allows, Code language that is not positive law must yield to the language of the Statutes at Large where there are differences. See U.S. Supreme Court, AMERICAN BANK & TRUST CO. v. DALLAS COUNTY, 463 U.S. 855 (1983) Footnote 8.

Such an assertion is in no way frivolous or controversial and is confirmed by the Supreme Court and by government documents referenced below.

5. The list of citations disparaging what Respondent refers to as our positive law "argument" features punchy single word case summaries such as "frivolous", "specious", or "preposterous." An examination of those cases beyond the single word summaries, however, reveals that the cited arguments are not only frivolous but irrelevant to this case. The cited cases go far beyond simple assertions that Title

26 is not positive law, and often run to loopy legal theory and tragic misunderstandings of the applicability or legitimacy of the IRC. Petitioners make no such arguments.

In RYAN v. BILBY, 764 F.2nd 1325, 1328 (9th Cir. 1985), where the court rejected similar argument, the court said:

> "...Congress' failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. See 1 U.S.C. section 204(a)."

Petitioners wholeheartedly agree. Our petition addresses only the evidentiary significance of the Code. Petitioners seek enforcement of the underlying enactment in this case exactly as the BILBY court says is proper. We are petitioning this court to rule based on the original language of section 7602(a) in the underlying Statutes at Large.

Petitioners agree with Respondent, the applicability and legitimacy of the Code does not change because it is not positive law. We further agree that the Code and its underlying statutes are legitimate law in full force and effect. Although Respondent would have the court believe that we argue otherwise, we never have. Respondent's cited cases and discussion of frivolous positive law arguments are irrelevant to this case.

6. Petitioners rely on Title 1, Section 204(a) (quoted below), as referenced by the court in RYAN v. BILBY, and by the Supreme Court in USNB OF OREGON v. INDEPENDENT INS. AGENTS, 508 U.S. 439 (1993), for a proper understanding of the evidentiary nature of the Code.

We further rely on this honorable court's understanding of the difference between "prima facie evidence of the law" and "legal evidence of the law," (which we

will not presume to explain to the court) and how that difference relates to understanding Code sections that are not positive law.

Title 1, Section 204(a), explains the evidentiary nature of the United States Code:

> "(a) United States Code. — The matter set forth in the edition of **the code of Laws of the United States** current at any time shall, together with the then current supplement, if any, **establish prima facie the laws of the United States,** general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided, however, that **whenever titles of such Code shall have been enacted into positive law the test thereof shall be legal evidence of the laws therein contained,** in all the courts of the United States, the several States, and the Territories and insular possessions of the United States."— 1 USC 204(a)
> **(Emphasis added by Petitioners in all citations where it appears)**

Title 1, section 204 of the USC subsequently excludes Title 26 from its list of "...*titles of the United States Code* [which] *were enacted into positive law...*"
The following U.S. government sources further confirm that the Internal Revenue Code, Title 26, has not been enacted into positive law:

> "Of the 50 titles, only 23 have been enacted into positive (statutory) law. These titles are 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 44, 46, and 49. When a title of the code was enacted into positive law, the text of the title became legal evidence of the law. **Titles that have not been enacted into positive law are only prima facie evidence of the law. In that case, the Statutes at Large still govern.** —
> United States Government Printing Office

> "Certain titles of the code have been enacted into positive law, and pursuant to section 204 of title 1 of the Code, the text of those titles is legal evidence of the law contained in those titles. **The**

***other titles of the Code are prima facie evidence of the laws contained in those titles***. *The following titles of the Code have been enacted into positive law: 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 40, 44, 46, and 49."* — United States House of Representatives Office of the Law Revision Counsel

On the subject of positive law codification, the Office of the Law Revision Counsel further states:

> "...the Office of the Law Revision Counsel of the House of Representatives has been engaged in a continuing comprehensive project authorized by law to revise and codify, for enactment into positive law, each title of the Code. When this project is completed, all the titles of the Code will be legal evidence of the general and permanent laws and **recourse to the numerous volumes of the United States Statutes at Large for this purpose will no longer be necessary.**"

These words clearly show that *"recourse to the United States Statutes at Large"* for legal evidence of the law ***is necessary*** for Title 26. This is the only assertion Petitioners make on the issue of positive law.

The IRC, Title 26, establishes only *prima facie*, and thus rebuttable, evidence of internal revenue law. The U.S. Supreme Court in STEPHAN v. UNITED STATES, 319 U.S. 423 (1943) said:

> ***"...the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent."***

Petitioners have rebutted certain *prima facie* evidence of the law in Code section 7602(a) with their sworn affidavits and this petition. That is the only evidence before this court on the issue in dispute.

The language of the Code and Statutes at Large could hardly be more inconsistent in this case. The language of Code section 7602(a) makes it appear as though the summons authority of revenue agents is without limit. Such a notion is absurd on its face. Any such sweeping investigative power would be in obvious conflict with the Fourth Amendment. Petitioners are challenging the government's use of the expansive language of the Code to claim unlimited investigative power. Petitioners do not challenge the authority of the Code or underlying Statutes but rather rely on an honest reading of those Statutes for a decision in this case.

In any controversy about the scope, requirements, or authority granted by legal Code that is not positive law, the words of the underlying Statutes at Large govern. To determine the limits of the summons power granted in section 7602(a), we must look to the language of those governing statutes. The Supreme Court reconfirmed this fundamental legal principle in 1983:

> **"...the Statutes at Large prevail over the Code whenever the two are inconsistent."**- AMERICAN BANK & TRUST CO. v. DALLAS COUNTY, 463 U.S. 855 (1983) Footnote 8.

And again in 1993:

> "Though the appearance of a provision in the current edition of the United States Code is 'prima facie' evidence that the provision has the force of law, 1 U.S.C. 204(a), **it is the Statutes at Large that provides the 'legal evidence of laws,'** 112...." – USNB OF OREGON v. INDEPENDENT INS. AGENTS, 508 U.S. 439 (1993)

7. The Preliminary Materials section of the current IRC says that section 7602, on which Respondent relies, is a recodification of sections 3614, 3615(a), (b), and (c) and 3632(a)(1) of the 1939 IRC. The language of section 7602 took its current

form in 1954. At that time the Supreme Court confirmed that its meaning had not changed:

> **"Section 7602 derives, without change in meaning, from corresponding and similar provisions in 3614, 3615, and 3654 of the 1939 Code."** – UNITED STATES v. LASALLE NATIONAL BANK, 437 U.S. 298 (1978) referencing H.R. Rep. No. 1337, 83[rd] Cong., 2[nd] Sess., A436 (1954); S. Rep. No 1622, 83[rd] Cong., 2[nd] Sess., 617 (1954).

[Note: The Court's reference to section 3654 is out-of-date with the current derivation table, but as that section simply reflected the authority to summon "officers of internal revenue" it does not bear on this case. It has been replaced with 26 USC 7602(b) in the Tax Reform Act of 1982 which extends the summons power to investigations of IRS employee conduct.]

Nor has the original meaning changed in any later recodification.

Table A of the Appendix to the 1939 code titled "Derivation of Internal Revenue Code" reveals the Statutes at Large which underlie current code. These statutes are the law to which we must refer in this case.

Section 3173 of the Revised Statutes, as amended in 1919 and reenacted as the current law in the Revenue Act of 1926 is the section that bears on this case. The words of the law there need no interpretation. They are written in plain English.

Before citing them we want to note that the Supreme Court has often confirmed the following fundamental judicial doctrine for statutory language:

> *"**When the words of a statute are unambiguous**, the first canon of statutory construction — that Courts must presume that a legislature says in a statute what it means and means in a statute what it says there — is also the last, and **judicial inquiry is complete.**"* – Connecticut National Bank v. Germain, 503 US 249 (1992)

Judicial inquiry with respect to the sole issue in this case need go no further than the unambiguous words of section 3173. They define the two distinct groups subject to IRS summons authority. The section says, in relevant part:

> *"...And if any person, on being notified or required as aforesaid,* [of an obligation to file a return] *shall refuse or neglect to render such list or return within the time required as aforesaid,*[this phrase modifies "any person" to define the first group] *or whenever any person who is required to deliver a monthly or other return of objects subject to tax* [this phrase defines the second group with yet another modification of "any person"] *fails to do so at the time required, or delivers any return which, in the opinion of the collector, is erroneous, false or fraudulent, or contains any undervaluation or understatement, or refuses to allow any regularly authorized Government officer to examine the books of such person, firm, or corporation, it shall be lawful for the collector to summon such person..." etc.* — Section 3173 Revised Statutes of 1873 (amended 1919)

This is the plain language that underlies section 7602(a). It defines two and only two classes subject to the summons and examination authority of internal revenue agents. The first is those who have received notice of a duty to file and have either refused or neglected to do so. The second group consists of those engaged in certain special businesses that must "...*deliver a monthly or other return of objects subject to tax....*" Examples of members of this class would be brewers, distillers, tobacco producers and bankers as named in various related sections such as 3307, 3337, 3338, 3414 and others. Should one of these special entities fail to file or file inaccurately the Secretary has the power to summon them and their records.

The easily understood language of this statute modifies "any person" twice to limit summons authority to two distinct groups.

The language also clearly states that the Secretary may summons only members of the second group to examine returns for accuracy.

As recently as 1939 the Code still accurately reflected words of the Statutes at Large, modifying the words "any person" to limit properly the law's application. In

1954 the Supreme Court in U.S. v. LASALLE NTNL BANK, (referenced above) told us that **"Section 7602 derives, without change in meaning,..."** from the following section of the 1939 IRC:

> SEC. 3615. SUMMONS FROM COLLECTOR TO PRODUCE BOOKS AND GIVE TESTIMONY.
> (a) GENERAL AUTHORITY. — It shall be lawful for the collector, **subject to the provisions of this section** to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof....

Then we are given the "...provisions of this section..." which modify the words "any person" to tell us exactly who is subject to the authority granted in paragraph (a):

> (b) ACTS CREATING LIABILITY. — Such summons may be issued —
> (1) REFUSAL OR NEGLECT TO COMPLY WITH NOTICE REQUIRING RETURN. — **If any person, on being notified or required** as provided in section 3611, **shall refuse or neglect to render such list or return** within the time required, or
> (2) FAILURE TO RENDER RETURN ON TIME. — **Whenever any person who is required to deliver a monthly or other return of objects subject to tax** delivers any return which, in the opinion of the collector, is erroneous, false, or fraudulent, or contains any undervaluation or understatement or
> (3) ERRONEOUS, FALSE, OR FRAUDULENT RETURN. — **Whenever any person who is required to deliver a monthly or other return of objects subject to tax** delivers any return which, in the opinion of the collector, is erroneous, false, or fraudulent, or contains any undervaluation or understatement, or
> (4) REFUSAL TO PERMIT EXAMINATION OF BOOKS. — **Whenever any person who is required to deliver a monthly or other return of objects subject to tax** refuses to allow any regularly authorized Government officer to examine his books.

Even though wording of the current section 7602 lacks the clarifying language of the original, offering us only the unmodified and infinitely expansive words "any person," the law has not changed. The limiting language of the original statues is in full effect today.

If we rely on IRC section 7602 without reference to the Statutes at Large, as Respondent would have us do, one would have to believe that revenue agents have unlimited power to investigate any living soul, anywhere on earth, based on nothing more than administrative curiosity about potential tax liability.

Such sweeping investigative powers define the dreams of kings, dictators and tyrants. Summonses issued under such power would be nothing less than "General Warrants" or the reviled "Writs of Assistance," of Colonial times. And yet Respondent would have this court use the deceptively broad language of Code section 7602 to grant revenue agents exactly such power.

In drafting the internal revenue statutes Congress was keenly aware of constitutional limits on its power to investigate citizens' private affairs. That awareness is reflected in the clear wording of the Statutes at Large that grant properly limited powers of investigation to internal revenue agents.

### Conclusion

Respondent has replied to the Petition to Quash with irrelevant justification of actions that are not at issue, attributed to Petitioners frivolous arguments which they never made, and provided an irrelevant affidavit to justify an illegitimate investigation. Most importantly, Respondent has ignored the single issue in this case — whether Petitioners are lawfully subject to the summons in question.

The only evidence before the court bearing on that issue is the sworn affidavits of the Petitioners. Respondent has provided no contrary evidence and has not challenged or refuted Petitioners evidence.

The clear language of the governing Statutes at Large, amplified by the 1939 USC, shows that Petitioners are not subject to the summons authority of Respondent. The only evidence before the court confirms it. The United States has presented neither evidence nor argument to the contrary.

### Prayer

Petitioners respectfully pray that this honorable court quash this summons, enjoin the United States and its agents from further unlawful investigations into our private affairs, order Respondent to make us whole for costs incurred in bringing this petition before the court and grant such other relief as the court may deem just.

### Certification of Service

WE HEREBY CERTIFY that true copies of the foregoing have been sent this 24th day of April 2007, by certified U.S. mail to the following:

Lawrence Rosen
Assistant US Attorney for the Southern District of Florida
e-mail:larry.rosen@usdoj.gov
99 N.E. 4th Street
Miami, Fl. 33132
(305) 961-9321
Fax (305) 530-7139
Respectfully submitted this 24th day of April, 2007.

_____     _____
Harold X. and Sally O'Boyle
1107 Key Plaza #307
Key West, FL 33040
239-247-5445
Fax: 305-407-2404
e-mail: hxoboyle@yahoo.com