IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10006-MC-MOORE/GARBER

HAROLD X. and SALLY O'BOYLE,
Husband and Wife,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**CLOSED CIVIL CASE**

## ORDER DENYING PETITION TO QUASH IRS SUMMONS

THIS CAUSE came before the Court upon Petitioners' Petition to Quash IRS Summons (DE # 1).

UPON CONSIDERATION of the Petition, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.  Background

An Internal Revenue Service ("IRS") agent is conducting an investigation with respect to the federal income tax liability of Petitioners for the 2005 taxable year. The agent requested information from the Petitioners concerning their accounts at the First State Bank of the Florida Keys, but Petitioners refused to comply. The agent asserts that he needs to determine Petitioners' 2005 federal income tax liability, but has been unable to obtain the necessary financial information directly from the Petitioners. As a result, the revenue officer sent to the First State Bank of the Florida Keys a summons requesting financial records on Petitioners and their business accounts. Petitioners filed the instant action seeking to quash this summons to the First State Bank of the Florida Keys.

## II. Discussion

Petitioners assert that "[t]he only issue before this court is whether Petitioners are subject to the IRS's summons authority." Pet. Reply at 1. Petitioners argue that they are not subject to the IRS's summons authority because Title 26 of the United States Code has not been enacted into positive law. Petition at 3; Pet. Reply at 2. Petitioners assert that because Title 26 was not enacted into positive law, the underlying "statutes at large" govern and are the true statement of the law. Petition at 3–4; Pet. Reply at 2, 4–6. Therefore, Petitioners argue, even though Title 26 broadly purports to give the IRS the authority to summon bank records to ascertain the correctness of any tax return, the statutes at large only give authority to summon records of two groups of people, (1) those who have not filed a tax return, and (2) those who are required by law to deliver a monthly or other return of objects subject to tax. Petition at 4–6. Petitioners did file a 2005 tax return, and assert that they are not required to deliver monthly or other return of objects subject to tax, therefore they do not believe the IRS has the authority to summon their bank records. Petition at 6–7. In summary, Petitioners argue that as long as they file a timely tax return, the IRS must take their word for it that the return is correct. Petition at 7–8 ("a sworn return is the final, irrefutable determinant of [tax] liability").

Even though Title 26 itself has not been enacted as positive law, Title 26 is identical to the underlying Internal Revenue Code, as amended, which has been enacted into absolute or positive law. *See* Internal Revenue Code of 1954, Pub. L. No. 591-736, 68A Stat. 1 (1954), reenacted as the Internal Revenue Code of 1986 in the Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085 (1986) (the act mostly preserved the 1954 codification scheme, particularly as to the procedural provisions in section 6000 et seq.); See also Staff of the Joint

Comm. on Taxation, Summary of Conference Agreement on HR 3838 (Tax Reform Act of 1986) 79 (Comm. Print 1986) ("The conference agreement enacts into law the Internal Revenue Code of 1986. That is, the conference agreement reenacts the provisions of the 1954 Code-as in effect on the date of enactment of the bill-together with amendments as made by the conference agreement."); see also 12A Fed. Proc., L. Ed. §33:645 n.1 (The Internal Revenue Code of 1954 was enacted as a separate Code by the Act of Aug. 16, 1954, c. 736, 68A Stat. 1 and appears in Title 26 of the United States Code, the section numbering of Title 26 being identical to that of the Internal Revenue Code. 1 U.S.C.A. § 204 note). Thus, the Statute at Large behind Title 26 of the United States Code is the Internal Revenue Code of 1986, as amended. While Petitioners are correct that the Statutes at Large prevail over the United States Code whenever the two are inconsistent, they can show no inconsistency between Title 26 of the United State Code and the identical underlying Statue at Large, the Internal Revenue Code of 1986, as amended; thus, Title 26 is for all practical purposes positive law.

Further, the revenue laws and history of those laws do not support Petitioners claims that the IRS does not have summons power to verify the correctness or fraudulence of a filed tax return. Bryan T. Camp, <u>Tax Administration as Inquisitorial Process and the Partial Paradigm Shift in the IRS Restructuring and Reform Act of 1998</u>, 56 Fla. L. Rev. 1, 32–53 (2004) (recounting, in depth, the history and scope of the IRS's summons power). One of the earliest revenue laws of the United States, the Revenue Act of 1864, provided government assessors with the power to issue a summons regarding financial information to verify a filed return "which, in the opinion of the assessor, is false or fraudulent, or contains any understatement or undervaluation." Revenue Act of 1864, ch. 173, 13 Stat. 223, §14 (1864). The Revenue Act of

3

1868 expanded the summons power and gave every supervisor of internal revenue the power "to summon any person to produce books and papers, or to appear and testify" for the purpose of "aid[ing] the prevention, detection, and punishment of any frauds in relation to [the collection of internal taxes]." Revenue Act of July 20, 1868, ch. 186, § 49, 15 Stat. 125, 144–45 (1868).

In 1939, Congress enacted the Internal Revenue Code of 1939 into absolute law. I.R.C., pt. 1, ch. 1–48, 53 Stat. 1 (1939); Camp, *supra* at 49. The Internal Revenue Code of 1939 gave "[e]very collector . . . power to . . . summon any person to produce books and papers, or to appear and testify" fo the purpose of "aid[ing] the prevention, detection, and punishment of any frauds in relation to [the collection of internal taxes]." I.R.C., 53 Stat. at 446, Sec. 3654; United States v. LaSalle Nat'l Bank, 437 U.S. 298, 310–11 (1978). On August 16, 1954, the present codification scheme of the Internal Revenue Code was enacted into positive law. Internal Revenue Code of 1954, Pub. L. No. 591-736, 68A Stat. 1 (1954). Section 7602 of the Internal Revenue Code of 1954 describes the IRS summons power with essentially the same language and the same section numbering as is used today in the United States Code. *See* 26 U.S.C. §7602; 12A Fed. Proc., L. Ed. §33:645 n.1. Also, as indicated above, the Tax Reform Act of 1986 reenacted the Internal Revenue Code with the same codification scheme, and preserving the summons power contained in §7602. Pub. L. No. 99-514, 100 Stat. 2085 (1986).

The language of the Internal Revenue Code of 1986 and United States Code, Title 26 gives the IRS the power to summon the Petitioners' bank records at issue and in the possession of the First State Bank of the Florida Keys to ascertain the correctness of their filed income tax returns. 26 U.S.C. §7602(a) ("For the purpose of ascertaining the correctness of any return, . . . [or] determining the liability of any person for any internal revenue tax . . . the Secretary is

authorized . . . to summon the person liable for tax required to perform the act, . . . or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . and to produce such books, papers, records, or other data"). The language encompasses the purpose of "ascertaining the correctness of any return." Petitioners have filed a return for 2005, but the correctness of the return is in question. Therefore, the plain language of the statute allows the IRS to summon the Petitioners' bank records.

The Court holds that Petitioner is subject to the IRS's summons authority, and Petitioners make no other challenge to the summons. Pet. Reply at 1 ("The only issue before this court is whether Petitioners are subject to the IRS's summons authority."). Petitioners agreed that "if they were subject to the IRS's summonsing authority the Service would have met administrative criteria and the POWELL tests for issuing such a summons." Pet. Reply at 1. Therefore, the summons is valid and enforceable.

### III. Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Petitioners' Petition to Quash IRS Summons (DE # 1) is DENIED. The First State Bank of the Florida Keys shall comply with the summons. This case is CLOSED. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of June, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

5