**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-10006-MC-MOORE/GARBER

HAROLD X. and SALLY O'BOYLE,
Husband and Wife,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.
_______________________________________/

**ORDER DENYING MOTION TO STAY**

THIS CAUSE came before the Court upon Petitioners' Motion to Stay (DE # 6).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. Background

An Internal Revenue Service ("IRS") agent is conducting an investigation with respect to the federal income tax liability of Petitioners for the 2005 taxable year. The agent requested information from the Petitioners concerning their accounts at the First State Bank of the Florida Keys, but Petitioners refused to comply. The agent asserts that he needs to determine Petitioners' 2005 federal income tax liability, but has been unable to obtain the necessary financial information directly from the Petitioners. As a result, the revenue officer sent to the First State Bank of the Florida Keys a summons requesting financial records on Petitioners and their business accounts. Petitioners filed the instant action seeking to quash this summons to the First State Bank of the Florida Keys. The Court considered all of Petitioners' arguments, denied their

Petition to Quash IRS Summons, and ordered the First State Bank of the Florida Keys to comply with the summons. Petitioners now request a stay on the Court's order to prevent execution of the summons until they can complete an appeal of this Court's decision to the Eleventh Circuit.

## II. Discussion

"[T]he factors regulating the issuance of a stay [pending appeal] are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770 (1987). Petitioners state that they believe this Court erred in denying their Petition, but state no arguments or facts which would support a successful appeal. Petitioners do not cite to any cases in which a similar petition has been granted.

For Petitioners benefit, the Court will clarify an apparent misunderstanding. Petitioners believe that the Court "ruled against them without considering the language of the Statutes at Large." Pet. Mot. at 1. However, the Court did consider the Statues at Large. The Court considered the most recent positive law enactment of a United States' revenue law, specifically the Act of Congress entitled the Internal Revenue Code of 1986 (including subsequent amendments).[1] The Petitioners apparently misunderstand that there is a difference between the

---

[1] The Statutes at Large are cited using the abbreviation "Stat." which is preceded by the volume number and followed by the page number. Petitioners are encourage to look in a compilation of the Statutes at Large for the following citations: Internal Revenue Code of 1954, Pub. L. No. 591-736, **68A Stat. 1** (1954) (that is volume **68A** of the **Statutes** at Large starting on page **1**); and the Tax Reform Act of 1986, Pub. L. No. 99-514, **100 Stat. 2085, 2095** (1986) (Page 2095 of Statutes at Large volume 100 shows that the Internal Revenue Code of 1954 has been reenacted into positive law as the Internal Revenue Code of 1986).

individual positive law statute entitled the Internal Revenue Code of 1986 and Title 26 of the United States Code. The Internal Revenue Code of 1986 is a statute enacted into positive law by congress, while the United States Code, including Title 26, is a statutory compilation by subject of enacted statutes. 1 U.S.C.A. §204(a); 1 U.S.C.A. §204 note (the note first lists United States Code Titles enacted as positive law, without including Title 26;[2] however, the note follows up with a special comment on Title 26 stating that the Internal Revenue Code has been separately enacted into positive law by Congress, and indicating that the sections of Title 26 of the United States Code "are identical to the sections of the Internal Revenue Code"). Because the Internal Revenue Code and Title 26 of the United States Code are identical, even though they are distinct, for all practical purposes, Title 26 is positive law.

At the end of each year, after the enactment of a statute into positive law, the text of the statute is published, in chronological order, in the Statutes at Large (Stat.), the official bound version of the laws passed during a session of Congress.[3] William A. Hilyerd, Using the Law Library: A Guide for Educators Part III: Oh, Statute (or Regulation), Where Art Thou?, 34 J.L. & Educ. 101, 105 (2005); Timothy E. Maguire, Researching and Writing About the Law, MPM MA-CLE §2.1, §2.3.1(d) (Massachusetts Continuing Legal Education, Inc. 1997); 1 U.S.C. §112. Eventually, federal laws are also published by subject matter in statutory compilations; the official statutory compilation for Congress is the United States Code (U.S.C.). Id. However, the

---

2 For each title enacted into positive law, the U.S.C.A. note includes a separate Statutes at Large (Stat.) citation for the session law showing the enactment of the title.

3 Statutes published in chronological order according to sessions of Congress or state legislatures are called "session laws," because they are enactments made by the legislature while in session. The publication of the session laws of the United States Congress is the Statutes at Large.

compilation of enacted statutes, is not always itself enacted into positive law. Wash.-Dulles Transp., Ltd. v. Metro. Wash. Airports Auth., 263 F.3d 371, 378 (4th Cir. 2001).

If the compilers of the United States Code, bringing underlying enactments of Congress together and organizing them by subject, misquote or make a mistake in the compilation, then the actual Act of Congress in the session laws (Statutes at Large) must prevail in a dispute. U.S. v. Welden, 377 U.S. 95, 98 n.4 (1964) ("[i]f construction (of a section of the United States Code which has not been enacted into positive law) is necessary, recourse must be had to the original statutes themselves." ); American Bank and Trust Co. v. Dallas County, 463 U.S. 855, 864 n.8 (1983) ("the Statutes at Large prevail over the Code whenever the two are inconsistent."). When a title of the United States Code is enacted into positive law, it is no longer just an approved compilation of the law, but a full and distinct statutory enactment of Congress; therefore, it becomes legal evidence of the law. 1 U.S.C. §204(a).

Petitioners' argument in their Petition and on appeal must fail, because it relies on statutes that have been repealed by later statutes in the Statutes at Large. Petitioners rely on the Revised Statutes of 1873 and the Revenue Act of 1862. Petition at 5–8. However, these statutes have been repealed by later congressional enactments in the Statutes at Large. Internal Revenue Code of 1939, pt. 1, ch. 1–48, 53 Stat. 1 (1939) (section 4 repeals "all such laws and parts of laws codified herein, to the extent they relate exclusively to internal revenue, are repealed, effective, except as provided in section 5, on the day following the date of the enactment of this act."); Internal Revenue Code of 1954, Pub. L. No. 591-736, 68A Stat. 1 (1954) ("To the extent that the provisions of this subchapter supersede the provisions of the Internal Revenue Code of 1939,

such provisions of the Internal Revenue Code of 1939 are hereby repealed."); Tax Reform Act of 1986, 100 Stat. 2085, 2095 (1986) (reenacting the Internal Revenue Code of 1954 as the Internal Revenue Code of 1986). Because Petitioners base their arguments on statutes that have been repealed by later positive law statutes in the Statutes at Large, they cannot prevail on appeal.

Further, Petitioners argument leads to an absurd result. Essentially, Petitioners argue that as long as they file a timely tax return, the IRS must take their word for it that the return is correct. Petition at 7–8 ("a sworn return is the final, irrefutable determinant of [tax] liability"). If Petitioners were correct, then most of the citizens of the United States could file tax returns reporting only $1.00 of income and the IRS would have to accept it as true. There would be no practicable way to collect correct taxes for most of the population, because the IRS would not have the power necessary to verify these returns.

**III. Conclusion**

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Petitioners' Motion to Stay Court Order (DE # 6) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of July, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record